## FLYNN v. MOORE.

The acknowledgment by the purchaser, in an act of sale of real estate, of possession of the land sold, refers exclusively to the possession which the vendor had. If a third person were in possession at the time, and the vendor conceals that fact from the purchaser, he is guilty of a fraud, which will entitle the purchaser to relief, notwithstanding his acknowledgment.

That the law (C. C. 2455) considers the delivery of immovable property as always accompanying the public act which transfers it, is true, so far as the vendor is concerned, and every obstacle afterwards interposed by him to prevent the corporeal possession of the purchaser is a tresspass; but this does not release him from the obligation of actual delivery of the thing sold, when in possession of another at the time of the sale.

The vendor of a lot of ground who was aware, at the time of the sale, that a part of the lot was claimed by, and in possession of, a third person, though he subsequently offers to take back the property, refund the price, and pay for the improvements, has no claim against the purchaser before delivering the entire thing sold. C. C. 2450. The latter is not bound to accept his offer to take back the property, and refund the price, and pay for the improvements.

APPEAL from the Distict Court of Jefferson, *Clarke*, J. *Michel*, for the appellant. *Jourdan*, for the defendant. The judgment of the court was pronounced by

ROST, J. The defendant had sold to the plaintiff a town lot, for twelve hundred dollars; $300, cash, and the remainder in three notes, of $300 each. The plaintiff having failed to pay those notes at maturity, the defendant took out an order of

seizure and sale, which the plaintiff enjoined on the following grounds: That one-half of the lot was at the time he purchased it in the possession of *John H. Martinstein*, who claimed it as owner, to the knowledge of the defendant, who fraudulently concealed that fact from him; that the city surveyor, having knowledge of the title and possession of Martinstein, has refused to put him, the plaintiff, in possession of the lot, and that the defendant has acknowledged the existence of an adverse claim. The prayer is that the injunction prayed for be made perpetual, and the plaintiff dispensed from paying his notes, until the defendant shall put him in possession of the portion of the lot claimed, and occupied, by *Martinstein*. The answer is a general denial, and an averment that, when the defendant was informed of the claims of *Martinstein*, he offered the plaintiff to take back the property and refund the price, and also to pay for the improvements. The defendant prays that the injunction be dismissed, with damages. There was judgment in his favor in the first instance, and the plaintiff appealed.

We think this judgment unauthorized by law. Although *Martinstein* did not enclose the portion of the lot in controversy till after the purchase by the plaintiff, it is proved that he was in possession of it, to the knowledge of the defendant, through his agent *Samuel Moore*. The defendant, therefore, has not delivered the thing sold as, under art. 2450 C. C. he was bound to deliver it. The district judge erred in holding the plaintiff bound by his acknowledgment in the act of sale, that he considered himself in possession; that acknowledgment referred exclusively to the possession which the vendor had; if a third person was in possession at that time, and the defendant concealed that fact from the plaintiff, he was guilty of a fraud, which entitles the plaintiff to relief, notwithstanding his acknowledgment.

It is urged that the law considers the tradition or delivery of immovable property as always accompanying the public act which transfers the property. C. C. 2455. This is true, so far as the vendor is concerned; and every obstacle which he afterwards interposes to prevent the corporeal possession of the buyer, is considered as a trespass. But he is not dispensed from the actual delivery of the thing sold, when it is in the possession of another at the time of the sale.

The plaintiff was not bound to accept the offer of the defendant. He has a right to insist upon the specific performance of the contract; and the defendant has no claim against him, before the delivery of the entire thing sold.

It is therefore ordered that, the judgment in this case be reversed. It is further ordered that the injunction sued out by the plaintiff be reinstated, and that it remain in force until the defendant shall put the plaintiff in possession of the portion of ground sold to him, and now claimed and occupied by *John H. Martinstein*. It is further ordered that the defendant pay the costs in both courts.